UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL LORENZO BOWIE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:26-cv-00302-SDN |
| | ) | |
| KNOX CO. JAIL, et al., | ) | |
| | ) | |
| Respondents | ) | |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Petitioner, who alleges he is being held in a county jail, seeks habeas relief pursuant

to 28 U.S.C. § 2241.  (Petition, ECF No. 1.)  Pursuant to Rule 4 of the Rules Governing

Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary

review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief in the district

court."  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized

to dismiss summarily any habeas petition that appears legally insufficient on its face. . .").[1]

After a review of Petitioner's request for habeas relief, I recommend the Court dismiss the

petition.

---

[1] Although Petitioner asserts his claim pursuant to § 2241, the "§ 2254 rules specifically state that they may be applied by the district court to other habeas petitions." *Bramson v. Winn,* 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

**DISCUSSION**

Although Petitioner's status is somewhat difficult to discern, Petitioner is apparently being held on a warrant issued post-judgment. Petitioner asserts that he is being held without bail on a 2020 state court criminal matter and references the length of a sentence that was imposed. Petitioner's allegations suggest that he is in custody awaiting a hearing on a probation violation. The age of the case, the fact that Petitioner was apparently sentenced on the matter, the subsequent alleged criminal cases in Texas, Maryland, and Pennsylvania in 2023, 2024, and 2025, and the fact that Petitioner is now being held in Knox County Jail without bail, which is typically not an option pretrial but is possible on a probation violation, support the conclusion that Petitioner is being held in custody pending a final hearing on an alleged probation violation. Petitioner evidently wants the Court to direct the state court to conclude the state court proceeding.

As a general rule, *Younger v. Harris*, 401 U.S. 37 (1971), requires abstention from the exercise of jurisdiction when a plaintiff seeks relief in federal court from a pending state criminal prosecution or other analogous civil proceeding. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013); *Sirva Relocation, LLC v. Richie,* 794 F.3d 185, 192–93 (1st Cir. 2015).[2] Abstention is mandatory absent "extraordinary

---

[2] *Younger* has been extended to quasi-criminal proceedings, administrative enforcement proceedings, and other civil proceedings "involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367–68 (1989); *Sirva Relocation,* 794 F.3d at 192–93. When asked to determine whether the doctrine applies outside the prototypical criminal context, federal courts also consider whether the ongoing state proceeding is judicial in nature, implicates important state interests, and provides an adequate opportunity to raise federal defenses. *See Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982); *Sirva Relocation,* 794 F.3d at 192–93.

circumstances," such as: (1) a state action "brought in bad faith . . . for the purpose of harassment," (2) a state forum that "provides inadequate protection of federal rights," (3) a state statute that is "flagrantly and patently violative of express constitutional prohibitions" or (4) "a facially conclusive claim of [federal] preemption." *Sirva Relocation,* 794 F.3d at 189, 192, 197.

Petitioner does not assert that the pending state criminal proceedings have reached a final resolution. To the contrary, Petitioner asserts that he has attorneys and is awaiting an appearance before the state court to resolve the matter. Abstention, therefore, is presumptively appropriate. *Talmadge v. Williams*, No. 20-36106, 2021 WL 3771821 (9th Cir. Aug. 25, 2021) (applying *Younger* to pending probation revocation).[3] In this case, Petitioner has not alleged any facts that would constitute the extraordinary circumstances necessary to overcome the presumption in favor of abstention. Dismissal, therefore, is appropriate.[4]

## CONCLUSION

After a review of Petitioner's filing in accordance with Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition. I also recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the

---

[3] Furthermore, ongoing criminal probation proceedings are judicial in nature, implicate important state interests associated with the State's administration of its laws, and the state court system affords Petitioner an adequate opportunity to raise federal constitutional challenges.

[4] Even if Petitioner is in custody pursuant to new charges, *Younger* abstention would still apply.

Rules Governing Section 2254 Cases because there is no substantial showing of the denial

of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **<u>NOTICE</u>**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 26th day of June, 2026.

4